# Court of Appeals
# of the State of Georgia

ATLANTA,  December 12, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0625. PARK AT 500, LLC et al. v. THE BURLINGTON INSURANCE COMPANY.**
**A24A0628. MACHEMA SWARAY v. THE BURLINGTON INSURANCE COMPANY.**

The parties in these two related appeals have filed a joint motion to stay both appeals due to the death of the appellant in Case No. A24A0628, Machema Swaray, on October 10, 2023. For the reasons set forth below, these appeals are dismissed without prejudice.

In June 2022, Swaray sued Park at 500, LLC ("Park 500"), 600 Hambrick Road Stone Mountain, LLC ("Hambrick"), the Life Property Management Services, LLC ("LPMS"), Tyrene Young, and Rachel Wilmer-Palmer, asserting various premises liability claims after Swaray sustained a gunshot injury in her apartment. These appeals arise out of a declaratory judgment action filed by The Burlington Insurance Company ("TBIC") against Park 500, Hambrick, Swaray, and others (the "Declaratory Judgment Action") concerning the interpretation of an insurance policy issued by TBIC to Park 500. On September 13, 2023, the trial court entered an order in the Declaratory Judgment Action that, among other things, granted TBIC's motion for judgment on the pleadings.

On October 12, 2023, Park 500, Hambrick, LPMS, Young, and Wilmer-Palmer filed a joint notice of appeal from the September 13, 2023 order (docketed as Case No. A24A0625). Swaray, who had opposed TBIC's motion for judgment on the pleadings, also filed through counsel on October 12, 2023, a notice of appeal from the September 13, 2023 order (docketed as Case No. A24A0628). On November 8, 2023,

Swaray's counsel filed a notice of suggestion of death in the Declaratory Judgment Action suggesting Swaray's death on October 10, 2023.

The parties contend that judicial economy favors staying both of these appeals pending either an order of substitution for Swaray in the trial court under OCGA § 9-11-25 (a) or an order finding that the time for moving for substitution has expired and dismissing the action as to Swaray. However, the action was suspended as to Swaray on her death, which was before the notices of appeal were filed here. See *Roberts v. JP Morgan Chase Bank, Nat. Assn.*, 362 Ga. App. 375, 376 (868 SE2d 491) (2022) ("[O]n the death of a party, the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. The action remains in abeyance and cannot proceed until someone is substituted for the decedent.") (citation and punctuation omitted). Moreover, the Georgia Constitution requires the appellate courts to dispose of every case by the end of the next term after a case is docketed for hearing. Ga. Const. of 1983, Art. VI, Sec. IX, Par. II. Because of this constitutional requirement, this Court cannot suspend pending matters indefinitely.

Under these circumstances, these appeals are DISMISSED WITHOUT PREJUDICE to the parties' rights to file timely notices of appeal upon either the substitution of Swaray with the personal representative of her estate, or the entry of an order finding that the time for moving for substitution has expired and dismissing the action as to Swaray. See OCGA § 5-6-16 (a) (1). The motion to stay these appeals, along with the parties' motions in Case No. A24A0625 to extend the deadlines for briefing and requesting oral argument, are hereby DENIED AS MOOT.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__12/12/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.